**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0434n.06

No. 10-5072

**FILED**

*Apr 23, 2012*

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| CHARLES R. ROGERS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| NANCY DOOM, Warden, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | OPINION |
| | ) | |

BEFORE:  WHITE, STRANCH, and FARRIS,[*] Circuit Judges.

PER CURIAM.   Charles R. Rogers, a Kentucky state prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.

In 2004, Rogers was charged with first-degree rape, and a jury trial was held.  The evidence at trial showed that Rogers and the victim had previously had a sexual relationship, which the victim had ended.  On the day of the crime, the victim's birthday, they were drinking at her home.  The victim testified that Rogers handcuffed her, beat her, and raped her.  The victim's son arrived, causing Rogers to leave, and the son discovered the victim still handcuffed and severely beaten.  She was taken to the hospital by the police.  A rape kit showed no DNA from Rogers, and the physical examination did not provide evidence of a rape.  Physical evidence was also subsequently obtained from Rogers, revealing the victim's blood on his underwear, apparently from a cut lip she incurred

---

[*]The Honorable Jerome Farris, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

in the beating. Rogers admitted handcuffing and beating the victim, but denied that raping her. The jury, however, believed the victim and found Rogers guilty of first-degree rape. He was sentenced to twenty years of imprisonment. His conviction was upheld on direct appeal in the state courts. He then filed for state post-conviction relief, raising a number of claims of ineffective assistance of counsel. Relief was denied by the state courts without holding an evidentiary hearing.

Rogers filed for federal habeas corpus relief on the basis of ineffective assistance of counsel. The claims that had been exhausted in the state courts included allegations that counsel failed to conduct an adequate pretrial investigation, call allegedly exculpatory witnesses, call a forensic expert, present a defense, impeach the prosecution witnesses, or object to certain testimony. A magistrate judge recommended that the petition be denied, and the district court adopted this recommendation over Rogers's objections.

On appeal, Rogers argues that his counsel's poor cross-examination of the government's expert witnesses supports his claim that his attorney failed to adequately investigate his case and failed to present a defense. He further argues that the district court erred in denying him an evidentiary hearing on his ineffective-assistance-of-counsel claim. He contends that he must have such a hearing on this claim in order for us to be able to properly review this claim. But he is mistaken. This is a case where we are able to effectively review his ineffective-assistance-of-counsel claim on the record before us. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (holding that an evidentiary hearing does not need to be held when the state-court record is sufficient to review the petitioner's ineffective-assistance claim); *Wilcher v. Hargett*, 978 F.2d 872, 877 (5th Cir. 1992) ("No hearing is required where the record is complete and the evidence in the record is sufficient to provide full review of the petitioner's [ineffective-assistance] claim."). Because we are

able to properly review Rogers's ineffective-assistance claim, we do not need to decide what impact, if any, *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), has on this case.

Under AEDPA, a federal court may not grant habeas relief on a claim adjudicated on the merits in the state courts unless the state court's ruling "was (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States'; or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Wogenstahl v. Mitchell*, 668 F.3d 307, 320 (6th Cir. 2012) (quoting 28 U.S.C. 2254(d)).

To find that Rogers received ineffective assistance of counsel, his counsel's performance must have been so deficient that Rogers's defense was prejudiced. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The state courts acknowledged that *Strickland* controlled the analysis of the claims raised. Rogers must therefore show that the state courts applied *Strickland* to the facts in this case in an objectively unreasonable manner. *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

The state appellate court concluded that an evidentiary hearing was not necessary because several of the claims of ineffective assistance were flatly refuted by the record, including that counsel failed to impeach the prosecution witnesses, and that he failed to argue that Rogers was guilty only of kidnaping and assault but not rape. Furthermore, the state court found several other claims conclusory, including the claims of failure to investigate, call witnesses, and call an expert witness. Finally, the state court rejected the claim that counsel was ineffective in failing to object to the victim's testimony that Rogers had spent time in prison, finding that it may have been sound strategy

not to draw attention to this isolated statement, or alternatively, that the statement could not have prejudiced the outcome of the trial.

These findings are supported by the record. Rogers did not show what relevant evidence was available from an investigation, how any witness's testimony would have changed the outcome of the trial, or why an additional expert was needed when the state's experts already testified that there was no physical evidence of rape and that no DNA from Rogers was found. Although his attorney did not vigorously cross-examine the state's forensic expert witnesses—indeed, his attorney failed to cross-examine Bridgett Holbrook—his attorney highlighted the favorable portion of the experts' testimony by arguing during closing that there was no forensic evidence that supported the claim of rape. Moreover, his attorney's pretrial memorandum shows that the attorney was aware of the lack of objective evidence of sexual intercourse and planned to use this fact to Rogers's advantage at trial. The record therefore shows that trial counsel's strategy was based on the lack of forensic evidence of rape, and counsel argued forcefully in closing argument that this entitled Rogers to be acquitted.

Given these facts and our strong presumption that an attorney acted reasonably, the record before us is sufficient to conclude without a hearing that Rogers did not receive ineffective assistance of counsel. So for even stronger reasons, Rogers has not shown that the state court's application of *Strickland* to the facts in his case was objectively unreasonable. The district court's judgment denying this petition is therefore affirmed.